## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### CASE NO.: 1:25-cv-06830

DONA GELSINGER,

                  Plaintiff,

v.

QVC, INC., VALERIE PARR HILL, THE
VALERIE PARR COMPANY, INC., AND
HERO CREATIONS LTD.,

                  Defendants,

### COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

      Plaintiff DONA GELSINGER, by and through her undersigned counsel, brings this Complaint against Defendants QVC, INC., VALERIE PARR HILL, THE VALERIE PARR COMPANY, INC., AND HERO CREATIONS LTD. (collectively, "Defendants") for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

      1.      Plaintiff DONA GELSINGER ("Gelsinger") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Gelsinger's original copyrighted work of authorship after removal of her copyright management information.

      2.      Gelsinger is a professional artist and has been in business for over 30 years. She studied art at California State University, Long Beach. Her paintings range from Nativity scenes to landscape works such as rustic mountain cabins. Gelsinger's first major commission was 14 life-size Stations of the Cross paintings, which took about two years to complete. She has worked with Arthur Kaplan, Lightpost Publishing, Danbury Mint and The Bradford Exchange. Her

painting of little angels for The Bradford Exchange launched her career in creating artwork for products and licensing. Throughout her career, Gelsinger has collaborated with a range of globally recognizable brands and individuals, such as Pepsi, Coca-Cola, NFL, the U.S. Army and Hershey, as well as Mariah Carey. Her art has been featured by multiple major retailers, including Walmart and Hobby Lobby, and has generated well over $100 million in retail sales.

3.      Gelsinger alleges that Defendants copied her copyrighted work from the internet in order to advertise, market and promote Defendants' business activities.

## THE DEFENDANTS

4.      Defendant QVC, INC. ("QVC") is an e-commerce retail store that provides international broadcasting service, shopping network, and lifestyle and hospitality brand, which works with vendors to promote, sell, and distribute products to consumers both on-air through QVC's broadcasting services, by phone, and online. QVC is a Delaware corporation that conducts business in the State of New York. QVC has a principal place of business at 1200 Wilson Drive, West Chester, Pennsylvania 19380, and can be served at 1200 Wilson Drive, West Chester, Pennsylvania 19380.

5.      Defendant Valerie Parr Hill ("Valerie Parr Hill") is a public figure works for QVC as a QVC Home Expert and host QVC's House to Home segment on television. Valerie Parr Hill creates home accents and furnishings to be sold to QVC's customers. Valerie Parr Hill is the founder and principal of Defendant THE VALERIE PARR COMPANY, INC., which has a principal place of business at 17 Lenape Dr, Montville, New Jersey 07045, and can be served at 17 Lenape Dr, Montville, New Jersey 07045.

6.      Defendant THE VALERIE PARR COMPANY, INC. ("Valerie Parr Company") is Valerie Parr Hill's hospitality brand which specializes creating home accents and furnishings. Valerie Parr Company is a New Jersey corporation that conducts business in the State of New

York. Valerie Parr Company has a principal place of business at 17 Lenape Dr, Montville, New Jersey 07045, and can be served at 17 Lenape Dr, Montville, New Jersey 07045.

7.      Defendant HERO CREATIONS LTD ("Hero Creations") is a manufacturing company which develops and distributes products for QVC and Valerie Parr Company. Hero Creations operates in the United States through a representative named Flavio Romeo, who is based in the New York City Metropolitan Area. Hero Creations has a principal place of business at RM 504 NATHAN CTR 580G-K NATHAN ROAD KOWLOONUNK 00002 HKG.

8.      Defendants QVC, Valerie Parr Hill, Valerie Parr Company, and Hero Creations (collectively, "Defendants") work together and do business in the State of New York.

9.      Defendants host in-person events in New York City, attracting New York attendees at New York venues. One example of such an event is "QVC's The Age of Possibility On The Road (9/9) NYC with Dennis Basso and Friends!" held at 1104 Lincoln Pl, Brooklyn, NY 11213 on September 9, 2024, which featured live audience shows with famous fashion designer Dennis Basso and other QVC-affiliated fashion designers and Q50 Ambassadors.[1] Dennis Basso is a New York City-based fashion designer and brand. Defendants have collaborated with Dennis Basso for about 20 years on various collections, including ready-to-wear, accessories, and home design.[2]

10.     Valerie Parr Hill on behalf of QVC and Valerie Parr Company hosted in-person events in New York City, served as a Q50 Ambassador for QVC's Age of Possibility Campaign,

---

[1] QVC, *QVC's The Age of Possibility On The Road (9/9) NYC with Dennis Basso and Friends!*, FACEBOOK https://www.facebook.com/events/418460243982364/ (last visited Jul. 31, 2025); QVC, *We're headed to NYC with some of our friends*, FACEBOOK, https://www.facebook.com/QVC/posts/were-headed-to-nyc-with-some-of-our-friends-%EF%B8%8Fbe-sure-to-follow-along-our-instagr/1074472507359770/ (last visited Jul. 31, 2025); QVC, *We're headed to NYC with some of our friends*, INSTAGRAM, https://www.instagram.com/p/C_ojNqqR1Og/?hl=en (last visited Jul. 31 2025).
[2] Dennis Basso, *The Designer*, DENNIS BASSO, https://dennisbasso.com/pages/the-designer (last visited Jul. 31, 2025).

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK

and created content for QVC's collaboration with Dennis Basso at New York Fashion Week to target her New York fanbase.[3]

11.     Hero Creations conducts business in the State of New York through its decade-long partnership with Valerie Parr Company and QVC, by manufacturing products for Valerie Parr Company and QVC's consumer base in New York.

## JURISDICTION AND VENUE

12.     This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

13.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

14.     Defendants are subject to personal jurisdiction in New York.

15.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district.

## THE COPYRIGHTED WORK

16.     In 2014, Gelsinger created the copyrighted image titled "DG1427 – LITTLE WINTER BLESSINGS" shown below (the "Work").

---

[3] Valerie Parr Hill, *QVC's Age of Possibility as a Q50 Ambassador*, FACEBOOK, https://www.facebook.com/reel/1213041919835875 (last visited Jul.31, 2025); Valerie Parr Hill, *QVC's Age of Possibility as a Q50 Ambassador*, FACEBOOK, https://www.facebook.com/reel/528116956836230 (last visited Jul. 31, 2025).

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK



The Work features Gelsinger's signature little angels, which launched her career in creating paintings for products and licensing. Gelsinger creates heartwarming art that embodies the love and kindness of the winter holidays and brings cherished stories to canvas. The original Work is hand painted, and prints sold online are hand embellished with over 20 Aurora Borealis Crystals.

17.     On February 4, 2021, Gelsinger registered the Work with the Register of Copyrights under Registration number VA 2-244-121. The Certificate of Registration is attached hereto as **Exhibit 1**.

18.     At the time Gelsinger published the Work on her own online store at https://www.glowdecor.com/ ("Website") and at all times thereafter, Gelsinger offered usage and

licensing rights information to the public on her corporate licensing webpage at https://gelsingerlicensing.com/ ("Licensing Webpage").

19.     Prior to the time Gelsinger published the Work, Gelsinger applied copyright management information ("CMI") to the Work consisting of (1) Gelsinger's name and signature next to the copyright symbol © on the bottom of the Work; and (2) the link to the licensing terms located on her Licensing Webpage.



20.     Gelsinger's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Work are entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

21.     At all relevant times Gelsinger was the owner of the copyrighted Work.

<u>**INFRINGEMENT BY DEFENDANTS**</u>

22.     Defendants have never been licensed to use the Work for any purpose.

23.     On a date after the Work was created, but prior to the filing of this action, Defendants copied the Work.

24.     As early as October 12, 2023, Defendants utilized the Work without seeking a license or permission, and copied, displayed, and distributed Gelsinger's Work on Defendants' online store at https://www.qvc.com ("QVC Store") and through social media in YouTube videos. A comparison of Gelsinger's Work and Defendants' use of Gelsinger's Work can be seen below.

| **Gelsinger's Work** | **Defendants' Infringement** |
| :---: | :---: |
|  |  |

25.     Photoshop is the digital software used by the Defendants to prepare the two-dimensional image that would be printed onto Defendants' three-dimensional candles. Hero Creations provided us with the Photoshop design file that the Defendants used to manufacture the infringing products. As seen below, Defendant's Photoshop design file shows Defendant copied the exact angel figure from Gelsinger's Work to create the infringing products.

Defendants' Photoshop design file used to manufacture the infringing products



The Photoshop layer with the infringing image is titled "雪花拷贝," which translates to "Snowflake Copy" in English.

Defendants' infringing products



**4x8 Illuminated Fiber Optic Wax Pillar by Valerie on QVC**



192 vistas  12 oct 2023



26.     On or about October 24, 2024, Gelsinger discovered the unauthorized use of her Work on the QVC Store.

27.     Defendants copied Gelsinger's Work without Gelsinger's permission.

28.     After Defendants copied the Work, Defendants made further copies and distributed the Work on the internet to promote the sale of Defendants' home accents and furnishing products.

29.     Defendants copied and distributed Gelsinger's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business.

30.     Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Composite Exhibit 2**.

31.     Invoices dated July 26, 2024 and August 22, 2024 from Defendants indicate a quantity of at least 2,432 infringing products displaying Gelsinger's copyrighted Work were manufactured and sold. True and accurate copies of the July 26, 2024 invoice and August 22, 2024 invoice are attached hereto as **Composite Exhibit 3**.

32.     Gelsinger never gave Defendants permission or authority to copy, distribute or display the Work for any purpose.

33.     When Defendants copied and displayed the Work, Defendants intentionally removed Gelsinger's artist signature and the copyright symbol ©, which are copyright management information as defined by 17 U.S.C. § 1202(c), ("CMI") from the Work for each of the infringing products. Examples of the removal of Gelsinger's CMI can be seen by the comparison of Gelsinger's Work and Defendants' Photoshop design file used to produce the infringing products.

Gelsinger's Work with CMI



Defendants' Photoshop design file with Gelsinger's CMI removed



Defendants' infringing products with Gelsinger's CMI removed



34.    Gelsinger never gave Defendants permission or authority to remove the CMI from the Work.

35.    Gelsinger notified Defendants of the allegations set forth herein on December 16, 2024, December 30, 2024, and July 10, 2025. As of the date of this filing, the parties have failed to resolve the matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

36.    Gelsinger incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.    Gelsinger owns a valid copyright in the Work.

38.    Gelsinger registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

39.    Defendants copied, displayed, and distributed the Work and made derivatives of the Work without Gelsinger's authorization in violation of 17 U.S.C. § 501.

40.    Defendants performed the acts alleged in the course and scope of Defendants' business activities.

41.    Defendants' acts were willful.

42.    Gelsinger has been damaged.

43.    The harm caused to Gelsinger has been irreparable.

## COUNT II

## REMOVAL OF CMI AND DISTRIBUTION OF THE WORK WITH CMI REMOVED

44.    Gelsinger incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

45.    The Work contains CMI in the form of Dona Gelsinger and the copyright symbol ©, as defined by 17 U.S.C. § 1202(c), on the Work itself, and on Gelsinger's Website and Licensing Webpage.

46.    Defendants knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on Defendants' QVC Store without any of the CMI in violation of 17 U.S.C. § 1202(b).

47.    Defendants distributed the Work knowing that the CMI has been removed or altered without authority of the copyright owner or the law.

48.    Defendants committed these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal infringement of Gelsinger's rights in the Work.

49.    Defendants caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Gelsinger's rights in the Work.

50.    Gelsinger has been damaged.

51.    The harm caused to Gelsinger has been irreparable.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT

52.       Gelsinger incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

53.       Gelsinger owns a valid copyright in the Work.

54.       Gelsinger registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

55.       Defendants copied, displayed and distributed the Works at issue in this case without Gelsinger's authorization in violation of 17 U.S.C. § 501.

56.       At all relevant times, QVC had the right and ability to supervise the infringing activities of Valerie Parr Hill and Valerie Parr Company.

57.       At all relevant times, QVC had a direct financial interest in the infringing activities of Valerie Parr Hill and Valerie Parr Company, failed to exercise its right and ability to stop the infringement, and benefited financially from the infringement.

58.       At all relevant times, Valerie Parr Hill had the right and ability to supervise the infringing activities of Valerie Parr Company and Hero Creations.

59.       At all relevant times, Valerie Parr Hill had a direct financial interest in the infringing activities of Valerie Parr Company and Hero Creations, failed to exercise its right and ability to stop the infringement, and benefited financially from the infringement.

60.       At all relevant times, Valerie Parr Company had the right and ability to supervise the infringing activities of Hero Creations.

61.       At all relevant times, Valerie Parr Company had a direct financial interest in the infringing activities of Hero Creations, failed to exercise its right and ability to stop the infringement, and benefitted financially from the infringement.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK

62.    Gelsinger has been damaged.

63.    The harm caused to Gelsinger has been irreparable.

**COUNT IV**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

64.    Gelsinger incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

65.    Gelsinger owns valid copyright in the Work.

66.    Gelsinger registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

67.    Defendants copied, displayed and distributed the Works without Gelsinger's authorization in violation of 17 U.S.C. § 501.

68.    QVC knew or reasonably should have known of Valerie Parr Hill's copyright infringement.

69.    QVC induced, caused, and/or materially contributed to infringing conduct of Valerie Parr Hill by facilitating and using the Work on the QVC Store to promote Defendants' business despite QVS's knowledge that Valerie Parr Hill's use of the Work infringed Gelsinger's copyright.

70.    Valerie Parr Hill knew or reasonably should have known of Valerie Parr Company's copyright infringement.

71.    Valerie Parr Hill induced, caused, and/or materially contributed to infringing conduct of Valerie Parr Company by facilitating and using the Work on the QVC Store to promote Defendants' business despite Valerie Parr Hill's knowledge that Valerie Parr Company's use of the Work infringed Gelsinger's copyright.

72.     Valerie Parr Company knew or reasonably should have known of Hero Creations's copyright infringement.

73.     Valerie Parr Company induced, caused, and/or materially contributed to infringing conduct of Hero Creations by facilitating and using the Work on the QVC Store to promote Defendants' business despite Valerie Parr Company's knowledge that Hero Creations's use of the Work infringed Gelsinger's copyright.

74.     Gelsinger has been damaged.

75.     The harm caused to Gelsinger has been irreparable.

WHEREFORE, Plaintiff DONA GELSINGER prays for judgment against Defendants QVC, INC., VALERIE PARR HILL, THE VALERIE PARR COMPANY, INC., AND HERO CREATIONS LTD. that:

a.     Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

b.     Defendants be required to pay Gelsinger her actual damages and Defendants' profits attributable to the infringement, or, at Gelsinger's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

c.     Gelsinger be awarded her attorneys' fees and costs of suit under the applicable statutes sued upon;

d.     Gelsinger be awarded pre- and post-judgment interest; and

e.     Gelsinger be awarded such other and further relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Gelsinger hereby demands a trial by jury of all issues so triable.

DATED: August 18, 2025                    Respectfully submitted,


                                          */s/ Debbie C. Yang*
                                          DEBBIE C. YANG
                                          New York Bar Number: 6087050
                                          debbie.yang@sriplaw.com
                                          JOEL B. ROTHMAN
                                          New York Bar Number: 2459576
                                          joel.rothman@sriplaw.com

                                          **SRIPLAW, P.A.**
                                          41 Madison Avenue, Floor 25
                                          New York, NY 10010
                                          646.787.1082 – Telephone
                                          561.404.4353 – Facsimile

                                          *Counsel for Plaintiff Dona Gelsinger*